**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
**MICHAEL ADAMOWICZ and
ELIZABETH FRASER,
as Executors of the Estate of Mary
Adamowicz, Deceased,**

                                                      **08-CV-10255
(LAP)**

                                          **Plaintiffs,**

          **v.**

**INTERNAL REVENUE SERVICE**

                                           **Defendant.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THE LAW OFFICE OF FREDERICK M. SEMBLER, PLLC**
**501 Madison Avenue**
**8th Floor**
**New York, NY  10022**
**Tel: (212) 750-4483**

Attorneys for Plaintiffs
Michael Adamowicz and
Elizabeth Fraser

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................... iii

PRELIMINARY STATEMENT AND FACTUAL BACKGROUND .....................................1

LEGAL ARGUMENT.................................................................3

   I.  Plaintiffs' Motion for Partial Summary Judgment Should Be Granted..............3

   II.  Defendant Failed to Conduct Adequate Searches for Responsive Documents ...................................................................4

      A.  Defendant's Searches ...............................................................5

      B.  Defendant Failed to Produce or Claim Exemption Over Numerous Responsive Documents ...........................................................9

   III.  Defendant Has Failed to Meet Its Burden of Proving that Most of the Claimed FOIA Exemptions are Applicable....................................................11

      A.  Defendant Has Failed to Demonstrate that the Deliberative Process Privilege Applies to Any of the Withheld Documents.................................12

      B.  Defendant Has Failed to Demonstrate that the Attorney-Client or Work Product Privileges Apply to All of the Documents Withheld Based on These Claimed Exemptions ......................................................17

      C.  Defendant Has Failed to Demonstrate that the Documents Contain Either Third Party Return Information, Personal Information or Confidential Source Information in Law Enforcement Records ...............21

         1.  Defendant Has Disclosed the Name of the Alleged "Confidential Source" to Plaintiffs............................................................22

         2.  Defendant Is Required to Turn Over to Plaintiffs Information Obtained from Plaintiffs' Former Counsel ...........................................23

         3.  Defendant Has Failed to Meet Its Burden of Proving that the Confidential Source Exemption Applies...............................................25

         4.  Defendant Has Failed to Demonstrate that the Documents Contain Third Party Return Information or Personal Information About Third Parties ...................................................................27

D.  Defendant Should Be Directed to Produce the Documents It Claims
    Are "Not Responsive"................................................................................29

CONCLUSION................................................................................................30

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

Page

*Abdell v. City of New York*, 2006 U.S. Dist. LEXIS 66114 (S.D.N.Y. Sept. 14, 2006)....18

*Adamowicz v. IRS*, 552 F. Supp. 2d 355 (S.D.N.Y. Apr. 28, 2008) ...............................16

*Allocco Recycling, Ltd. v. Doherty*, 220 F.R.D. 407 (S.D.N.Y. 2004)..............................13

*Assembly of the State of California v. Dep't of Commerce*, 968 F.2d 916
(9th Cir. 1992)..........................................................................................................14-15

*Bloomberg L.P. v. Board of Governors*, 2009 U.S. Dist. LEXIS 74942
(S.D.N.Y. Aug. 24, 2009) ..........................................................................3-4, 8

*Bright v. Attorney General*, 259 F. Supp. 2d 494 (E.D. La. 2003)...................................26

*Campbell v. Dep't of Justice*, 164 F.3d 20 (D.C. Cir. 1998) ...........................................25

*Carney v. DOJ*, 19 F.3d 807 (2nd Cir. 1993), ...................................................................4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986) .......................................4

*Coastal States Gas Corp v. Dep't of Energy*, 617 F.2d 854
(D.C. Cir. 1980) ...........................................................................................14, 18, 19, 21

*Danbury Area Coalition for the Rights of Immigrants v. United States Dep't of
Homeland Security*, 2008 U.S. Dist. LEXIS 49499 (D. Ct. June 30, 2008) ......................8

*Dep't of Air Force v. Rose*, 425 U.S. 352, 96 S. Ct. 1592 (1976)...............................3, 25

*Dep't of Justice v. Landano*, 508 U.S. 165, 113 S. Ct. 2014 (1993) ..............................25

*Dipietro v. Executive Office for United States Attorneys*, 357 F. Supp. 2d 177
(D.D.C. 2004) ......................................................................................................25, 26

*EPA v. Mink*, 410 U.S. 73, 93 S. Ct. 827 (1973)............................................................13

*Ethyl Corp. v. EPA*, 25 F.3d 1241 (4th Cir. 1994)..................................................3, 4, 13

*Evans v. United States Office of Personnel Management*, 276 F. Supp. 2d 34
(D.D.C. 2003) ..........................................................................................................21

*Founding Church of Scientology v. Bell*, 603 F.2d. 945 (D.C. Cir. 1979).........................12

*Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473 (2nd Cir. 1999) .............................8, 16

*Halpern v. FBI*, 181 F.3d 279 (2nd Cir. 1999).......................................................3, 12, 25

*Hopkins v. HUD*, 929 F.2d 81 (2nd Cir. 1991) ...............................................................13

*John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 110 S. Ct. 471 (1989)..................25

*Judicial Watch of Florida, Inc. v. Dep't of Justice*, 102 F. Supp. 2d 6 (D.D.C. 2000) .....16

*Kamman v. IRS*, 56 F.3d 46 (9th Cir. 1995).......................................................................3

*King v. Dep't of Justice*, 830 F.2d 210 (D.C. Cir. 1987) ..................................................12

*Maricopa Audobon Society v. United States Forest Service*, 108 F.3d 1089
(9th Cir. 1997)....................................................................................................14, 16, 17

*Mayer, Brown, Rowe & Maw LLP v. IRS*, 2006 WL 2425523 (D.D.C. Aug. 21, 2006)...13

*Melendez-Colon v. United States*, 56 F. Supp. 2d 142 (D.P.R. 1994)............................13

*NAACP Legal Defense and Educational Fund, Inc. v. Dep't of Housing
and Urban Dev.*, 2007 WL 4233008 (S.D.N.Y. Nov. 30, 2007)........................................16

*Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350 (2nd Cir. 2005)...............3, 13

*Nat'l Council of La Raza v. Dep't of Justice*, 2004 U.S. Dist. LEXIS 20529
(S.D.N.Y. 2004) .........................................................................................................13, 14

*New York Times Co. v. Dep't of Defense*, 2007 U.S. Dist. LEXIS 47904
(S.D.N.Y. June 28, 2007)........................................................................................4, 6, 19

*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S. Ct. 1504 (1975)....................15, 16

*Oglesby v. Dep't of Army*, 920 F.2d 57 (D.C. Cir. 1990)...................................................4

*Petterson v. IRS*, 99-2 U.S. Tax Cas. (CCH) 50, 735 (W.D. Mo. 1999).........................21

*Rugiero v. DOJ*, 257 F.3d 534 (6th Cir. 2001) ...............................................................25

*Safeway, Inc. v. IRS*, 2006 U.S. Dist. LEXIS 81078 (N.D. Ca. 2006) ....14, 15, 19, 20, 21

*Sussman v. Dep't of Justice*, 2006 U.S. Dist. LEXIS 75867 (E.D.N.Y. Sept. 30, 2006)...4

*Swidler & Berlin v. United States*, 524 U.S. 399, 118 S. Ct. 2081 (1998) ...................... 24

*Tax Analysts v. IRS*, 117 F.3d 607 (D.C. Cir. 1997) ................................... 18, 19, 20, 21

*Tax Analysts v. IRS*, 294 F.3d 71 (D.C. Cir. 2002) ....................................................... 21

*United States Dep't of State v. Ray*, 502 U.S. 164, 112 S. Ct. 541 (1991) ..................... 3

*USW v. Ivaco*, 2003 U.S. Dist. LEXIS 10008 (N.D. GA, Atlanta Div. Jan. 13, 2003) ..... 18

*Vaughn v. Rosen*, 484 F.2d. 820 (D.C. Cir. 1973), ...................................................... 12

*Weisberg v. Dep't of Justice*, 627 F.2d 365 (D.C. Cir. 1980) ......................................... 8

*Wiener v. FBI*, 943 F.2d 972 (9th Cir. 1991) ................................................. 8, 12, 21, 28

## FEDERAL STATUTES

5 U.S.C. § 552(b) ............................................................................................................ 3

5 U.S.C. 552(b)(3) ......................................................................................................... 21

5 U.S.C. 552(b)(5) ......................................................................................................... 16

5 U.S.C. § 552(b)(7)(C) ................................................................................................. 22

5 U.S.C. § 552(b)(7)(D) ................................................................................................. 22

26 U.S.C. § 6103(a) ....................................................................................................... 21

26 U.S.C. § 6103(e) .................................................................................................. 21, 28

26 U.S.C. § 6103(e)(1)(D) .............................................................................................. 28

26 U.S.C. § 6103(e)(3) ................................................................................................... 28

26 U.S.C. § 6103(e)(7) ................................................................................................... 28

26 U.S.C. § 6103(e)(8) ................................................................................................... 28

## TREASURY REGULATIONS

26 C.F.R. § 601.702(c)(13) .............................................................................................. 3

# FEDERAL RULES

Fed. R. Evid., Rule 801...................................................................................7

Fed. R. Evid., Rule 802...................................................................................7

FRCP Rule 26(b)(3)........................................................................................18

FRCP Rule 56(1)..............................................................................................4

FRCP Rule 56(e)........................................................................................8, 26

# MISCELLANEOUS

ABA Model Rules of Professional Conduct, Rule 8.4(a)................................24

DR 1-102 (A)(1) [22 NYCRR § 1200.3]........................................................24

DR 1-102 (A)(2) [22 NYCRR § 1200.3]........................................................24

DR 4-101(A) [22 NYCRR § 1200.19]............................................................24

DR 4-101(B) [22 NYCRR § 1200.19]............................................................24

DR 4-101(C) [22 NYCRR § 1200.19]............................................................24

NY Code of Prof'l Conduct, Rule 8.4(a) [22 NYCRR § 1200.58(a)] ..............24

NY Code of Prof'l Conduct, Rule 8.4(c) [22 NYCRR § 1200.58(c)]...............24

NY Code of Prof'l Conduct, Rule 8.4(d) [22 NYCRR § 1200.58(d)] ..............24

New York State Bar Op. 700 (1998)..............................................................24

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs, Michael Adamowicz and Elizabeth Fraser ("Plaintiffs"), as

Executors of the Estate of their deceased mother, Mary Adamowicz ("Decedent"),

respectfully submit this memorandum in support of Plaintiffs' cross-motion for partial

summary judgment under Rule 56 of the Federal Rules of Civil Procedure ("FRCP")

("Plaintiffs' Motion") to compel production of records improperly withheld by Defendant

Internal Revenue Service ("Defendant" or "Service") in response to three requests under

the Freedom of Information Act ("FOIA") submitted to the Service by Plaintiffs on,

respectively, December 6, 2005 ("Plaintiffs' First FOIA Request"), December 16, 2005

("Plaintiffs' Second FOIA Request) and April 3, 2007 ("Plaintiffs' Third FOIA Request")

(collectively, "Plaintiffs' FOIA Requests"), and in opposition to Defendant's previously-

filed motion for summary judgment ("Defendant's Motion").

<u>PRELIMINARY STATEMENT AND FACTUAL BACKGROUND</u>

By the instant proceeding, Plaintiffs seek to obtain records pertaining to

what ostensibly was an examination by the Service of a Form 706, United States Estate

(and Generation-Skipping Transfer Tax) Return filed by Plaintiffs' as Executors of

Decedent's Estate ("Estate's Form 706"). As outlined in the Declaration of Plaintiffs'

Counsel in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment of

Frederick M. Sembler, Esq., dated August 31, 2009 and the Exhibits annexed thereto

(Sembler's August 31, 2009 Declaration") and the Declaration of Michael Adamowicz in

Support of Plaintiff's Cross-Motion for Partial Summary Judgment dated August 31,

2009 ("Adamowicz's August 31, 2009 Declaration") (collectively, "Plaintiffs'

Declarations"), being submitted herewith, Plaintiffs' First FOIA Request, made more

than three and one-half years ago, sought all records pertaining to a protest by Plaintiffs
to the Service's Appeals Office that was initiated in 2004, while Plaintiffs' Second FOIA
Request and Plaintiffs' Third FOIA Request sought all records pertaining to Defendant's
examination of the Estate's Form 706, other than copies of correspondence and
documents submitted by Plaintiffs or their counsel to the Service in connection with the
examination that were identical to said correspondence and documents as submitted,
for a combined period covering from December 16, 2005 to April 3, 2007.  Sembler's
Aug. 31, 2009 Decl. ¶¶ 13, 53, 59, Exs. A, H, L.  Despite having had multiple
opportunities to properly respond to Plaintiffs' FOIA Requests, Defendant continues to
withhold more than 1,915 pages of documents in part or in full, offering in most
instances no more than vague, unsubstantiated, often "boilerplate" assertions that
various FOIA exemptions are applicable to the documents in question.  Plaintiffs
respectfully submit that Defendant has failed to meet its burden of either demonstrating
the adequacy of the searches for records that it claims to have conducted or of
supporting its claims that most of these exemptions are applicable, and that Defendant
should now be directed to produce to Plaintiffs the vast majority of the withheld
documents.

    The facts that support the granting of Plaintiffs' Motion and the denial of
Defendant's Motion are set forth in the Complaint dated November 21, 2008
("Complaint"), in Sembler's Aug. 31, 2009 Declaration and its annexed Exhibits and in
Adamowicz's Aug. 31, 2009 Declaration.  Plaintiffs respectfully refer the Court to those
documents for a more detailed description of and support for the facts set forth herein.

## LEGAL ARGUMENT

I.    **Plaintiffs' Motion for Partial Summary Judgment Should be Granted.**

Congress's goal in enacting FOIA was "to facilitate public access to

Government documents," and "'to pierce the veil of administrative secrecy and to open

agency action to the light of public scrutiny.'" *United States Dep't of State v. Ray*, 502

U.S. 164, 173, 112 S. Ct. 541, 547 (1991) (internal citation omitted); *Dep't of Air Force v.*

*Rose*, 425 U.S. 352, 361, 96 S. Ct. 1592, 1599 (1976) ("disclosure, not secrecy, is the

dominant objective of the Act").  Underpinning FOIA is "a general philosophy of full

agency disclosure unless information [was] exempted under clearly delineated statutory

language." *Dep't of Air Force v. Rose*, 425 U.S. at 360-361, 96 S. Ct. at 1599; *see*

*United States Dep't of State v. Ray*, 502 U.S. at 173, 112 S. Ct. at 547 (referring to "the

strong presumption in favor of disclosure" under FOIA); *Halpern v. FBI*, 181 F.3d 279,

286 (2nd Cir. 1999) (FOIA "adopts as its most basic premise a policy strongly favoring

public disclosure of information in the possession of federal agencies").  Withholding

requested documents is permitted only if they "fall within one of the specific, enumerated

exemptions set forth in the Act," which "exemptions are narrowly construed" and "all

doubts resolved in favor of disclosure." *Nat'l Council of La Raza v. Dep't of Justice*, 411

F.3d 350, 355-56 (2nd Cir. 2005) (internal citations and quotation marks omitted);

*Kamman v. IRS*, 56 F.3d 46, 48 (9th Cir. 1995).  The burden of proof of demonstrating

that one or more of the statutory exemptions is applicable to a requested document is

on the agency claiming the exemption.  FOIA § 552(b); 26 C.F.R. § 601.702(c)(13)

(Treasury Regulations concerning FOIA requests submitted to IRS); *Nat'l Council of La*

*Raza v. Dep't of Justice*, 411 F.3d at 356; *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1248 (4th

Cir. 1994); *Bloomberg L.P. v. Board of Governors*, 2009 U.S. Dist. LEXIS 74942 at 18-

19 (S.D.N.Y. Aug. 24, 2009).

"Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); FRCP Rule 56(1). Plaintiffs respectfully submit that the record in this proceeding, including Defendant's Motion papers themselves, confirms that Defendant has failed to sustain its burden of proving either the adequacy of its searches or the applicability of the majority of the FOIA exemptions it cites, and, accordingly, that most of Defendant's Motion therefore must be denied and summary judgment granted to Plaintiffs.

## II.    **Defendant Failed to Conduct Adequate Searches for Responsive Documents.**

In order to meet its burden of demonstrating that the search for records in response to a FOIA Request was adequate, a government agency must, at a minimum, submit declarations from its officers who actually supervised and conducted the search in question that contain detailed explanations of the search itself and that confirm that all files that may contain responsive materials were searched. *See Carney v. DOJ*, 19 F.3d 807, 813-814 (2nd Cir. 1993), *cert. denied*, 115 S. Ct. 86 (1994); *Ethyl Corp. v. EPA,* 25 F.3d at 1246-47; *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *New York Times Co. v. Dep't of Defense,* 2007 U.S. Dist. LEXIS 47904 at 37-38 (S.D.N.Y. Jun. 28, 2007); *Sussman v. Dep't of Justice*, 2006 U.S. Dist. LEXIS 75867 at 32 (E.D.N.Y. Sept. 30, 2006). Plaintiffs respectfully submit that an examination of the various Declarations submitted by Defendant ("Defendant's Declarations") confirms both that Defendant's Declarations do not meet these requirements and that Defendant failed

- 4 -

to conduct an adequate, or even a reasonable, search with respect to any of Plaintiffs FOIA Requests at issue in this proceeding.

### A.    **Defendant's Searches**.

Preliminarily, Plaintiffs note that Defendant's assertion that "this Court has already held" that the methodology by which the Service performed the search for documents responsive to Plaintiffs' Second and Third FOIA Requests "is unquestionably reasonable," is untrue.  Memorandum of Law in Support of the Defendant's Motion for Summary Judgment dated June 29, 2009 ("Defendant's June 29, 2009 Memorandum") at 9, 11.  While Plaintiffs respectfully note for the record that they disagree with the Court's conclusion as to the adequacy of the search performed by Defendant in response to the FOIA request at issue in *Adamowicz v. Internal Revenue Service*, Docket No. 06-CV-3919 ("Plaintiffs' 2006 FOIA Action"), a comparison of the methodology employed by the Service in that proceeding with that utilized in response to Plaintiffs' FOIA Requests at issue in this proceeding confirms that Defendant failed in the instant matter to follow even the minimal standards it met in Plaintiffs' 2006 FOIA Action with respect to both conducting the searches involved and confirming their sufficiency to the Court.

According to the June 29, 2007 Declaration of Alan Dichter ("Dichter") submitted in Plaintiffs' 2006 Action ("Dichter's June 29, 2007 Declaration"), after first conducting a computer search for records responsive to Plaintiffs' FOIA Request at issue in that proceeding, Dichter contacted several Service Officers, including IRS Estate Tax Attorney Susan Leboff ("Leboff"), Donald Glasel, Esq. ("Glasel") of the Service's Chief Counsel's Office, and Leboff's supervisor, Patrick T. Leahy ("Leahy"), concerning the Request and the records being sought, and met with all three of said

- 5 -

Officers to discuss the records that these Service personnel had gathered. Sembler's Aug. 31, 2009 Decl. Ex. W ¶¶ 4-10 (copy of Dichter's Jun. 29, 2007 Declaration). Further, according to this Declaration, Dichter also expressly confirmed with all three Officers "that the records represented the entirety of the records responsive to Plaintiffs' FOIA request." Sembler's Aug. 31, 2009 Decl. Ex. W ¶ 9.

In the instant action, by contrast, in addressing Plaintiffs' First FOIA Request and Plaintiffs' Second FOIA Request, Dichter dispensed even with the perfunctory computer search described in Dichter's June 29, 2007 Declaration and with confirming with various Service Officers involved in the matters at issue that the documents being presented to him, in fact, were all of the documents responsive to Plaintiffs' FOIA Requests that the Service was able to locate. Rather, in each case, Dichter delegated entirely to one person – Glasel in the case of Plaintiffs' First FOIA Request and Leboff in the case of Plaintiffs' Second FOIA Request – the tasks of locating responsive records, determining which records might be responsive and which, in the opinion of the Officer in question, might not be, and all other decisions that needed to be made with respect to Defendant's search for responsive documents. Declaration of Alan Dichter dated June 22, 2009 ("Dichter's June 22, 2009 Declaration") ¶¶ 10-11, 15-18, 25-26, 28-30. Dichter's June 22, 2009 Declaration contains absolutely no detail as to what standards either of these Officers applied to determine which documents were responsive to Plaintiffs' FOIA Requests, or even as to the nature of the searches conducted. *New York Times Co. v. Dep't of Defense*, 2007 U.S. Dist. LEXIS 47904 at 39-40. Further, with respect to Plaintiffs' First FOIA Request, it appears that Glasel in turn delegated the task of locating responsive documents to Appeals Officer Israel Weitzman ("Weitzman"), making the statements in Dichter's Declaration with

- 6 -

respect to the adequacy of this search no more than double hearsay. Dichter's June 22, 2009 Decl. ¶ 15; *see* Fed. R. Evid., Rules 801, 802.

Defendant's Declarations reveal that Defendant followed a largely similar process in responding to Plaintiffs' Third FOIA Request. Although the Declaration of Nanette Beamon ("Beamon") dated June 22, 2009 ("Beamon's June 22, 2009 Declaration") claims that Beamon conducted a computer search and also spoke with both Dichter and Glasel concerning responding to Plaintiffs' Third FOIA Request, once again, according to the Declaration itself, responsibility for determining which documents to treat as responsive to Plaintiffs' Third FOIA Request was delegated entirely to Leboff, who evidently made these determinations with no supervision of any kind and without consulting with any of the numerous other Service personnel involved in the examination of the Estate's Form 706. Beamon's Jun. 22, 2009 Decl. ¶¶ 9-11, 14; Declaration of Rachel Gregory ("Gregory") dated June 25, 2009, with Exhibits ("Gregory's June 25, 2009 Declaration") ¶¶ 30, 35-36 (mentioning numerous Service personnel involved in examination); Sembler's Aug. 31, 2009 Decl. ¶ 109 (referring to Service personnel identified in Service's own records as being involved in examination).

Pointedly, while Defendant has also submitted a Declaration of Donald Glasel dated June 25, 2009 ("Glasel's June 25, 2009 Declaration"), that Declaration contains no discussion of the search for documents responsive to Plaintiffs' First FOIA Request that Glasel is said to have conducted. See Glasel's Jun. 25, 2009 Decl. Defendant has submitted no declaration from either Leboff, who appears from Defendant's Declarations to have been almost entirely responsible for searching for and producing the documents in response to Plaintiffs' Second and Third FOIA Requests, or from Weitzman.

Plaintiffs respectfully submit that the failings of these deficient procedures are evident. In addition to providing no indication at all as to how Defendant's personnel who actually conducted the searches made their determinations, it is plain, particularly in a case such as the instant one where a number of different Service Officers were involved in the examination of the Estate's Form 706, that such a process cannot be relied upon as reasonably calculated to locate all documents responsive to Plaintiffs' FOIA Requests. By way of example, what of documents to which Weitzman (with respect to Plaintiffs' First FOIA Request) or Leboff (with respect to Plaintiffs' Second and Third FOIA Requests) were not parties or copies of which simply may not have been within their own respective office files but in the files of other Service personnel? Further, particularly given the unsupervised nature of all three searches, it cannot be known, absent declarations from the Officers in question, that they had a proper understanding of Defendant's responsibilities when responding to a FOIA request.

Declarations such as those submitted by Defendant, which neither are based upon the personal knowledge of the declarant nor disclose the actual basis for the declarant's statements, are inadequate to either counter Plaintiffs' Motion for partial summary judgment or to support Defendant's Motion for summary judgment. FRCP 56(e); *see, e.g., Wiener v. FBI*, 943 F.2d 972, 978-79 (9th Cir. 1991) (discussing level of detail required to sustain exemption claims) (internal citations omitted); *Weisberg v. Dep't of Justice*, 627 F.2d 365, 370 (D.C. Cir. 1980) (internal citations omitted); *Bloomberg L.P. v. Board of Governors*, 2009 U.S. Dist. LEXIS 74942 at 19 and n.4; *Danbury Area Coalition for the Rights of Immigrants v. United States Dep't of Homeland Security*, 2008 U.S. Dist. LEXIS 49499 at 2-4 (D. Ct. Jun. 30, 2008); *see also Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2nd Cir. 1999) (summary judgment in

FOIA action may be granted on basis of agency affidavits only "if they contain *reasonable specificity* of detail . . . and if they are not called in to question by contradictory evidence in the record or by evidence of agency bad faith") (emphasis in original) (internal citations and quotation marks omitted).

Defendant claims to have finally conducted a computer search for records responsive to Plaintiff's First FOIA Request in May 2009, some four and one-half years after the Request was submitted to Defendant. Gregory's Jun. 25, 2009 Decl. ¶¶ 59-61. Defendant now claims that is it "unable to locate documents responsive to [Plaintiffs' First FOIA Request] that had not previously been disclosed." Gregory's Jun. 25, 2009 Decl. ¶ 61. Indeed, Gregory's description of this subsequent search appears to confirm that, at the time he was supposedly supplying documents responsive to Plaintiffs' First FOIA Request in March 2006, Weitzman actually no longer had the bulk of the file in his possession. Gregory's Jun. 22, 2009 Decl. ¶ 59. Further, as evidenced by her Declaration, Gregory made no effort to contact Glasel, Leboff, Leahy, Angelo J. Chiapperino ("Chiapperino"), or any of the other Service personnel who were involved in creating documents responsive to Plaintiffs' First FOIA Request. Plaintiffs respectfully submit that this belated computer search, which perhaps may have been more fruitful if conducted, as it should have been, at the time Plaintiffs' First FOIA Request was submitted, is clearly inadequate to remedy Defendant's earlier failings in this regard.

## B.    Defendant Failed to Produce or Claim Exemption Over Numerous Responsive Documents.

Beyond this, Plaintiffs are in possession of documents responsive to Plaintiffs First FOIA Request, some of which were prepared by Glasel, the Service Officer who allegedly supervised the search for documents responsive to that very

same Request, and that were not produced or otherwise identified by Defendant in response to that Request. Sembler's Aug. 31, 2009 Decl. ¶¶ 29-32, 44-46, 105, Ex. E. Further, shortly after claiming to Dichter, according to Dichter's June 22, 2009 Declaration, that he had provided to Dichter all documents responsive to Plaintiffs' First FOIA Request, Glasel acknowledged the existence of such additional responsive documents in a separate proceeding then pending in the United States Tax Court, and thereafter confirmed his possession of them by filing copies of the documents with the Tax Court on an ex parte basis in an attempt to shield them from Plaintiffs. Sembler's Aug. 31, 2009 Decl. ¶¶ 33-43.

Moreover, certain of these documents as well as some included in Defendant's production in response to Plaintiffs' First FOIA Request refer to or otherwise make it evident that there are other responsive documents that were not produced by Defendant, and it seems obvious from the copies of the documents produced by Defendant in response to Plaintiffs' First FOIA Request that material has been redacted from some of these documents. Sembler's Aug. 31, 2009 Decl. ¶¶ 18-20, Exs. C (copy of Weitzman's time records), D (copy of April 22, 2005 letter from Chiapperino). Defendant's failure to submit a Declaration from Weitzman, who was both the creator of some of these documents and, according to Dichter's June 22, 2009 Declaration the person who actually conducted the search for documents responsive to Plaintiff's First FOIA Request, only further reinforces Plaintiffs' conclusions in this regard.

Similarly, Plaintiffs are in possession of documents responsive to Plaintiffs' Third FOIA Request that were not produced by Defendant, and Defendant's production in response to that Request itself supported the conclusion that there were documents

- 10 -

that both were not produced by Defendant and not included among those that Defendant stated in Defendant's February 6, 2008 Letter that it was withholding. Sembler's Aug. 31, 2009 Decl. ¶¶ 112-113, Ex. N.

Defendant further informs us that ten pages of documents responsive to Plaintiffs' Third FOIA Request that previously were among the documents originally reviewed by Defendant when responding to this Request are now "missing." Gregory's Jun. 25, 2009 Decl. ¶ 28. Highlighting the superficial manner in which Defendant responded to all three of Plaintiffs' FOIA Requests, Defendant does not even claim to have made any attempt to locate these items, but instead offers its unilateral and conclusory opinion that these documents are "pre-decisional" and exempt from disclosure, implying that Defendant's failure in this regard is of no consequence because the documents otherwise would have been withheld from production in any event. Gregory's Jun. 25, 2009 Decl. ¶ 28.

Plaintiffs respectfully submit that it is evident from Defendant's Motion papers that Defendant failed to conduct adequate searches for records responsive to Plaintiffs' FOIA Requests, and that Defendant should now be directed to conduct such searches and produce to Plaintiffs all responsive records that are found as a result.

### III. Defendant has Failed to Meet Its Burden of Proving that Most of the Claimed FOIA Exemptions are Applicable.

A government agency that responds to a FOIA request by withholding requested documents based on claims that the documents fall within one or more FOIA exemptions normally is obligated to supply a detailed index or affidavit, commonly referred to as a "Vaughn Index," that specifically lists, and describes in adequate detail, each of the documents or portions thereof that are withheld and specifically explains

- 11 -

which of the FOIA exemption or exemptions that it claims to invoke apply to which documents or portions, along with "a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." *E.g., Wiener v. FBI*, 943 F.2d at 977 (internal citations omitted); *see Halpern v. FBI,* 181 F.3d at 295; *King v. Dep't of Justice*, 830 F.2d 210, 220-223 (D.C. Cir. 1987); *Founding Church of Scientology v. Bell*, 603 F.2d 945, 950-51 (D.C. Cir. 1979); *Vaughn v. Rosen*, 484 F.2d 820, 825-828 (D.C. Cir. 1973), *cert. denied,* 415 U.S. 977 (1974). A Vaughn Index "is critical to effective enforcement of FOIA," and "[w]ithout such an index neither reviewing courts nor individuals seeking agency records can evaluate an agency's response to a request for government records." *Founding Church of Scientology v. Bell*, 603 F.2d at 947.

In the instant case, Defendant has refused to provide the Court or Plaintiffs with a Vaughn Index. See Docket Nos. 10, 12 (Defendant's letters to Court respectively dated April 15, 2009 and May 4, 2009). The closest Defendant comes to providing such a detailed index is to include as Exhibits to Gregory's June 25, 2009 Declaration copies of spreadsheets that, together with the Declaration itself, for the most part set forth no more than vague generalities with little or none of the detail required for a proper Vaughn Index.

## A.    Defendant Has Failed to Demonstrate that the Deliberative Process Privilege Applies to Any of the Withheld Documents.

An agency document responsive to a FOIA request may be withheld pursuant to the deliberative process privilege only if it is (1) pre-decisional, that is, "prepared in order to assist an agency decisionmaker in arriving at his decision"; and (2) deliberative, in the sense that it is "'actually related to the process by which policies are

formulated.'" *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d at 356 (internal

citation omitted); *Hopkins v. HUD*, 929 F.2d 81, 84-85 (2nd Cir. 1991); *see Mayer,*

*Brown, Rowe & Maw LLP v. IRS*, 2006 WL 2425523 at 6 (D.D.C. Aug. 21, 2006); *Nat'l*

*Council of La Raza v. Dep't of Justice*, 2004 U.S. Dist. LEXIS 20529 at 3 (S.D.N.Y.

2004) ("[deliberative process] privilege does not protect a document which is merely

peripheral to actual policy formation; the record must bear on the formulation or

exercise of policy-oriented judgment") (internal citations omitted), *aff'd,* 411 F.3d. 350

(2nd Cir. 2005).  The deliberative process privilege also does not apply to material that is

of a purely factual nature.  *EPA v. Mink*, 410 U.S. 73, 79, 87-89, 93 S. Ct. 827, 832, 836

(1973); *Melendez-Colon v. United States*, 56 F. Supp. 2d 142, 145 (D.P.R. 1994); *see*

*also Allocco Recycling, Ltd. v. Doherty*, 220 F.R.D. 407, 412 (S.D.N.Y. 2004).

   Further, as with all of the FOIA exemptions, the deliberative process

privilege must be narrowly construed.  *Ethyl Corp. v. EPA*, 25 F.3d at 1248.

   Based upon Defendant's Motion papers, Defendant has withheld some

288 pages of documents in part or in full based upon repeated blanket assertions that

the documents in question were created as part of "decision-making processes"

pertaining to various matters.  Gregory's Jun. 25, 2009 Decl. ¶¶ 25-27, 29.  Defendant

fails completely to explain how any of these records are related to the formulation of

Defendant's policies, notwithstanding that this is a fundamental prerequisite for

assertion of the deliberative process privilege.  In addition, while Defendant's Motion

papers contain a single, brief statement that "[d]eliberative materials pertaining to

peripheral matters have been released," Gregory's Jun. 25, 2009 Decl. ¶ 29, no

explanation is provided as to how Defendant distinguished what is "peripheral" from

what is not, or even as to who made this determination. *Nat'l Council of La Raza v. Dep't of Justice*, 2004 U.S. Dist. LEXIS 20529 at 3 (internal citations omitted).

Defendant offers as justification for this substantial withholding a stream of vague generalities that, as noted above, is devoid of any mention as to what role, if any, the withheld material played in the process by which Defendant's policies are formulated. Gregory's Jun. 25, 2009 Decl. ¶¶ 25-29, Exs. A, B; Defendant's June 29, 2009 Mem. at 18-20. Defendant informs us that it has refused to turn the documents in question over to Plaintiffs "because the information consists of the discussions and debates which took place during the decision-making processes of the Examination" and of various litigations and related matters, and similar unilluminating assertions. Gregory's Jun. 25, 2009 Decl. ¶¶ 29.

Federal Courts have repeatedly rejected the notion Defendant here advances that documents may be considered predecisional for purposes of determining whether the deliberative process exemption applies simply because they were prepared as part of an "ongoing process" in support of some ultimate decision. *Coastal States Gas Corp v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980) ("[c]haracterizing . . . documents as 'predicisional' simply because they play into an ongoing audit process would be a serious warping of the meaning of the word"); *Safeway, Inc. v. IRS,* 2006 U.S. Dist. LEXIS 81078 at 25 (N.D. Ca. 2006) (rejecting attempt of IRS to assert deliberative process privilege over notes and email messages that would "'reveal pre-decisional thoughts and analysis of IRS employees'" concerning "issues arising with respect to plaintiff's tax matters"); *see Maricopa Audobon Society v. United States Forest Service*, 108 F.3d 1089, 1094 (9th Cir. 1997); *Assembly of the State of California*

*v. Dep't of Commerce*, 968 F.2d 916, 921 (9th Cir. 1992) (*quoting Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d at 868).

Plaintiffs respectfully submit that it both is in conflict with applicable law and simply defies credulity to assert that *all* of the decisions made in the course of the examination of the Estate's Form 706 and the judicial proceedings referred to involved the formation of policy by Defendant. Rather, Plaintiffs submit that it is evident both from the nature of the matters described as well as from the level of the personnel involved, some of whom are from outside of the Service, that most or all of the "decisions" to which Defendant asserts these documents pertain, if related to Defendant's policies at all, entail the execution of already-formulated policies rather than the development of new ones. *Safeway Inc. v. IRS*, 2006 U.S. Dist. LEXIS 81078 at 26 (agreeing with Plaintiff that "IRS' decisionmaking about the extent of Plaintiff's tax liability is not the sort of deliberative process meant to be addressed by the privilege" and that documents were outside scope of deliberative process privilege because they "related not to the adoption of agency policy, but rather to the execution of" already formulated policies); *see NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151-52, 95 S. Ct. 1504, 1517 (1975) ("courts have uniformly drawn a distinction between predecisional communications, which are privileged . . . and communications made after the decision and designed to explain it, which are not") (internal citations omitted). Plaintiffs further submit that Defendant's failure to meet its burden of proof in this regard is highlighted by the fact that Defendant has not included an affidavit from Leboff, who appears to have created most or all of the withheld records in question, or from any other person involved in the communications at issue that discusses them. Gregory's Jun. 25, 2009 Declaration, meanwhile, contains no explanation that would tend to disclose Gregory's

- 15 -

basis for categorizing the documents at issue as "deliberative," other than a passing, generalized statement at the outset of the Declaration that Gregory "had extensive discussions about the case and the reasons for withholding and redacting documents with Susan Leboff . . . and Donald Glasel." Gregory's Jun. 25, 2009 Decl. ¶ 4.[1]

In addition, although referring throughout its Motion papers to this Court's Memorandum and Order issued in Plaintiffs' 2006 FOIA Action, Defendant fails to make mention of the Court's holding in that proceeding that, in order for the deliberative process privilege to be asserted, Defendant is required to pinpoint the specific agency decision to which the documents being withheld relate. *Adamowicz v. IRS*, 552 F. Supp. 2d 355, 363-64 (S.D.N.Y. Apr. 28, 2008); *see Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d at 482 (same) (internal citation omitted); *Maricopa Audobon Society v. United States Forest Service*, 108 F.3d at 1094. Instead, Defendant presents an argument, premised primarily on dictum contained in a footnote in *NLRB v. Sears, Roebuck & Co.*, and a misdescription of a statement in another case from this District, that appears to be an attempt to persuade this Court that its decision in Plaintiffs' 2006 FOIA Action, to which Defendant made no objection, was erroneous. Defendant's Jun. 29, 2009 Mem. at 17; *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 153, n.18, 95 S. Ct. at 1518, n.18; *NAACP Legal Defense and Educational Fund, Inc. v. Dep't of Housing and Urban Dev.*, 2007 WL 4233008 (S.D.N.Y. Nov. 30, 2007) (noting that "agency need not point to an agency *final* decision") (emphasis added) (internal citations omitted). As is evident by

---

[1] Defendant also mistakenly asserts that what Defendant characterizes as "Leboff's internal deliberations" are subject to the privilege even though "they may not have been shared with others." To the extent this notion may be applicable at all, it relates only to the deliberations of the "decisionmaker" who is determining what the policy of the agency will be. *See Judicial Watch of Florida, Inc. v. Dep't of Justice*, 102 F. Supp. 2d 6, 14 (D.D.C. 2000); FOIA § 552(b)(5) (protecting "inter-agency or intra-agency" communications).

the authorities cited above, including this Court's decision in Plaintiffs' 2006 FOIA Action, Defendant's overbroad reading of the Supreme Court's passing comment on this issue in its 1975 decision, which appears from the decision itself to have been intended as no more than a cautionary observation, is in conflict with applicable law. *See Maricopa Audobon Society v. United States Forest Service*, 108 F.3d at 1094 (referring to footnote in *NLRB* decision as a "cautionary dictum" that "does not justify the broad reading of [deliberative process exemption] urged by the government").

Defendant effectively seeks to convert the limited deliberative process privilege into a blanket exemption that, taken to its logical conclusion, would allow a government agency to whom a citizen has made a FOIA request to shield virtually all responsive documents from disclosure by simply claiming that they were created as part of an unspecified "decision-making process," a circumstance that, in one way or another, arguably could be true of nearly every document received or generated by an agency such as Defendant. Plaintiffs respectfully submit that the Court should reject both Defendant's facially inadequate attempts to meet its burden of demonstrating that the deliberative process exemption applies in this case and its effort to convert this narrowly-construed FOIA exemption into a "swallow-the-rule" exception. Rather, the Court should direct Defendant to produce to Plaintiffs the documents in question, or, with respect to certain documents that, as discussed below, may qualify for the attorney-client or work-product exemptions without regard to the deliberative process exemption, the portions that are not subject to those privileges.

**B.    Defendant Has Failed to Demonstrate that the Attorney-Client or Work Product Privileges Apply to All of the Documents Withheld Based on These Claimed Exemptions.**

The exemption under Section 552(b)(5) of FOIA includes documents over

- 17 -

which the attorney-client and work product privileges may be asserted. *Tax Analysts v. IRS*, 117 F.3d 607, 618 (D.C. Cir. 1997); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d at 862. "The attorney-client privilege protects confidential communications from clients to their attorneys made for the purpose of securing legal advice or services," as well as "communications from attorneys to their clients if the communications 'rest on confidential information obtained from the client.'" *Tax Analysts v. IRS*, 117 F.3d at 618-19 (*citing In re Sealed Case*, 237 U.S. App. D.C. 312, 737 F.2d 94, 98-99 (D.C. Cir. 1984)); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d at 863. The work product exemption, meanwhile, serves to protect materials "prepared in anticipation of litigation or for trial by or for another party." FRCP 26(b)(3); *USW v. Ivaco*, 2003 U.S. Dist. LEXIS 10008 at 9-11 (N.D. GA, Atlanta Div. Jan. 13, 2003) (*citing Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385 (1947)); *see Abdell v. City of New York*, 2006 U.S. Dist. LEXIS 66114 at 12-15 (S.D.N.Y. Sept. 14, 2006).

Defendant informs us that the documents withheld based on a claim that the attorney-client privilege applies were communications between Leboff and various attorneys "regarding the examination," "regarding the summons litigation," "regarding the Examination and related FOIA requests and litigation with Plaintiffs," and the like. Gregory's Jun. 25, 2009 Decl. ¶ 30, Exs. A, B. Defendant claims that the material over which it asserts the work-product privilege includes "email correspondence between Leboff and attorneys . . . discussing ramifications of facts, strategy, mental impressions and personal beliefs regarding" various litigation matters, as well notations on documents, drafts, memoranda and notes. Gregory's Jun. 25, 2009 Decl. ¶ 39, Exs. A, B.

With the possible exception of documents that are described as "drafts of

documents prepared for litigation purposes," which, from the spreadsheets annexed to Gregory's June 25, 2009 Declaration, appear to be drafts of briefs and affidavits that were prepared in connection with litigation between Plaintiffs and Defendant, Defendant's vague description of these documents fails to meet Defendant's burden of proving that either the attorney-client or work-product privileges apply to them. Gregory's Jun. 25, 2009 Decl. ¶ 39. Defendant, for the most part, does not disclose such basic information as the date or, except for the generalities referred to above, the subject matter either of these documents or of any claimed advice, and so fails to meet the minimal requirements for sustaining claims of the attorney-client privilege. Gregory's Jun. 25, 2009 Decl. ¶¶ 40-42, Exs. A, B; Glasel's Jun. 25, 2009 Decl. ¶ 8; *Safeway, Inc. v. IRS,* 2006 U.S. Dist. LEXIS 81078 at 27-28; *see Tax Analysts v. IRS*, 117 F.3d at 618-19; *Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d at 863; *New York Times Co. v. Dep't of Defense,* 2007 U.S. Dist. LEXIS 47904 at 34-35.

Defendant also has failed to make any showing of "a fundamental prerequisite to assertion of the privilege: confidentiality both at the time of the communication and maintained since," which would require Defendant to affirmatively "demonstrate that confidentiality was expected in the handling of these communications, *and* that it was reasonably careful to keep this confidential information protected from general disclosure." *Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d at 863 (emphasis added).

Defendant actually does not even confirm that the documents withheld pursuant to a claim of attorney-client privilege were prepared in connection with the providing of legal advice, perhaps the single most important element of the privilege. Rather, Defendant tells us that "all of the withheld attorney-client communications were

- 19 -

made for purposes of obtaining or providing **professional** advice in connection with" the

matters described.  Gregory's Jun. 25, 2009 Decl. ¶ 38 (emphasis added); Glasel's Jun.

25, 2009 Decl. ¶ 8 (similar statement).  Plaintiffs respectfully submit that such a vague

term by its very nature is inadequate to meet Defendant's burden of demonstrating that

the communications in question were prepared in connection with the quite specific

purpose of obtaining or providing legal advice.  Indeed, according to Defendant, at least

one of the documents withheld based on a claim that it is subject to the attorney-client

privilege "contains discussions about the mechanics of the continuing Examination and

contains no discussion of law whatsoever."  Gregory's Jun. 25, 2009 Decl. ¶ 36.

   In addition, Gregory's June 25, 2009 Declaration lists a number of

attorneys as having been involved in these various communications.  However, the only

such attorney from whom Defendant submits a Declaration concerning these

communications is Glasel, whose Declaration appears to be discussing only the

communications in which he personally was involved.  Glasel's Jun. 25, 2009 Decl. ¶ 8.

Thus, other than the vague and unsubstantiated assertion in Gregory's Jun. 25, 2009

Declaration concerning "professional" advice, Defendant has furnished no confirmation

that would support a conclusion that any of the communications involving any of the

other attorneys qualify for the attorney-client privilege or work-product exemptions.  *Tax*

*Analysts v. IRS*, 117 F.3d at 618 (citing *In re Sealed Case*, 237 U.S. App. D.C. at 312,

737 F.2d at 98-99); *Safeway, Inc. v. IRS,* 2006 U.S. Dist. LEXIS 81078 at 27-28.

   Defendant also devotes considerable effort to arguing that "[n]one of the

documents withheld pursuant to the attorney-client privilege constitute Field Service

Advice Memoranda ("FSA") as described in Tax Analysts v. I.R.S., 117 F.3d 607, 618

(D.C. Cir. 1997)."  Gregory's Jun. 25, 2009 Decl. ¶ 33-37; Glasel's Jun. 25, 2009 Decl.

¶¶ 9-10. However, the holdings of the cited case and its progeny concerning documents that do not qualify for the FOIA exemption do not merely apply to actual FSA's, but also to other documents "sufficiently similar" to FSA's, including documents prepared by other Service personnel that discuss or incorporate advice from the Service's National Office or otherwise reflect the Service's positions on issues; such communications are not subject to protection from disclosure under FOIA. *See Tax Analysts v. IRS*, 294 F.3d 71, 81-82 (D.C. Cir. 2002); *Tax Analysts v. IRS*, 117 F.3d at 619; *Evans v. United States Office of Personnel Management*, 276 F. Supp. 2d 34, 39-40 (D.D.C. 2003); see also *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d at 863-64.

### C.    Defendant Has Failed to Demonstrate that the Documents Contain Either Third Party Return Information, Personal Information or Confidential Source Information in Law Enforcement Records.

Under FOIA, an agency may withheld from production records "specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. 552(b)(3); *Safeway, Inc. v. IRS*, 2006 U.S. Dist. LEXIS 81078 at 9; *Wiener v. FBI*, 943 F.2d at 982. This exemption allows the Service in most cases to withhold from disclosure under FOIA tax returns and return information pertaining to another taxpayer, as such information is exempt from disclosure pursuant to Section 6103(a) of the Internal Revenue Code, which states "that such 'information shall be confidential'" unless it falls within one of a number of exceptions to the statute. 26 U.S.C. § 6103(a), (e); *Petterson v. IRS*, 99-2 U.S. Tax Cas. (CCH) 50,735 at 6-7 (W.D. Mo. 1999). FOIA also allows a government agency to withhold from disclosure

- 21 -

"records or information compiled for law enforcement purposes. . . to the extent that [their] production. . . could reasonably be expected to" either "constitute an unwarranted invasion of personal privacy" or "disclose the identity of a confidential source." FOIA § 552(b)(7)(C), (D).

### 1. Defendant Has Disclosed the Name of the Alleged "Confidential Source" to Plaintiffs.

Defendant attempts to shield from disclosure more than 380 pages of documents, in part or in full, by claiming that the disclosure of these documents "would reveal the identity of a confidential source who provided Leboff with information during the course of the Examination." Gregory's Jun. 25, 2009 Decl. ¶ 54. Defendant, however, has waived any such claim, as Defendant has disclosed to Plaintiffs that the supposed "confidential source" is one Paul Aniboli, an attorney who formerly represented Plaintiffs.

Among the documents that Defendant continues to withhold in part on the basis of the claimed confidential source exemption is a page, varyingly Bates stamped by Defendant as page 289 and page 417, from Leboff's Activity Record for the examination of the Estate's Form 706. Sembler's Aug. 31, 2009 Decl. ¶ 73, Ex. P. As can be seen from an examination of this document, Defendant has redacted most of the material in the entry for 7/6/2006 based on this claimed exemption. However, at the time Defendant originally responded to Plaintiffs' Third FOIA Request in February 2008, Defendant released most of the portion of this entry that it now attempts to conceal, in which portion Aniboli's name appears three times. Sembler's Aug. 31, 2009 Decl. ¶ 76, Ex. Q. As can be determined by comparing the two versions of the document, it is evident that the handwritten reference to "FOIA (b)(7)(D)" in the right margin was

inserted to explain the later redaction of the portion that contains Aniboli's name.

Since Defendant already has disclosed to Plaintiffs the name of the alleged confidential source, the claim that the documents provided by or concerning this source must be concealed from Plaintiffs in order to protect the source's identity clearly cannot be upheld, as the rationale underlying the claimed exemption has been eliminated by Defendant itself.

Other aspects of Defendant's productions also support the conclusion that the confidential source is Aniboli. Sembler's Aug. 31, 2009 Decl. ¶¶ 81-90, Exs. R, S, T.

### 2. Defendant is Required to Turn Over to Plaintiffs Information Obtained From Plaintiffs' Former Counsel.

Apart from the fact that the Service has disclosed the name of the source to Plaintiffs, the documents and information in question are required to be turned over to Plaintiffs in any case. Aniboli previously acted as counsel to Plaintiffs, both individually and in their capacities as Executors of Decedent's Estate, and as counsel to entities in which Decedent and Plaintiffs held interests, including in connection with matters that were the subject of the Service's examination of the Estate's Form 706. Adamowicz's Aug. 31, 2009 Decl. ¶¶ 11-14. Defendant's obtaining of documents and information from Aniboli was done without Plaintiffs' knowledge or consent, Sembler's Aug. 31, 2009 Decl. ¶¶ 92-94, Ex. U, a circumstance that also is evident from Defendant's assertion of the confidential source exemption over this material. Any documents and information that the Service obtained from Aniboli therefore are potentially subject to claims of privilege by Plaintiffs.

Not only was Aniboli prohibited from voluntarily providing documents and information to the IRS (whether or not actually privileged) concerning matters that

- 23 -

pertain to his former clients without first obtaining their informed consent, Former DR 4-101(A), (B), (C)(1) [22 NYCRR § 1200.19], but the actions of IRS attorneys such as Leboff in secretly obtaining documents and information from an attorney who previously represented Plaintiffs, at least if done knowingly, would be in violation of ethical prohibitions under the then-applicable New York Code of Professional Responsibility, the current New York Rules of Professional Conduct, and the ABA's Model Rules. *See* Former DR 1-102(A)(1)-(2) [22 NYCRR § 1200.3]; NY Code of Prof'l Conduct, Rule 8.4(a), (c), (d) [22 NYCRR § 1200.58(a), (c), (d)]; ABA Model Rules of Professional Conduct, Rule 8.4(a); New York State Bar Op. 700 (1998) (government lawyer who receives unsolicited telephone call from former employee of opposing law firm must not seek further information from former employee; lawyer "may not seek to cause the former employee of his adversary's counsel to reveal the confidences or secrets of the former employer's client" and "may not exploit the willingness of the former employee to undermine the confidentiality rule"); *see also Swidler & Berlin v. United States*, 524 U.S. 399, 401, 408-11, 118 S. Ct. 2081, 2086-88 (1998).

Defendant's productions in response to Plaintiffs' FOIA Requests confirm that Defendant did indeed receive documents and information from Aniboli, and that Plaintiffs' former attorney was secretly providing information concerning Plaintiffs to Defendant for a period of at least one and one-half years. Sembler's Aug. 31, 2009 Decl. ¶¶ 81-89, Exs. R, S, T. Particularly in light of the ethical requirements imposed upon both Aniboli and the Service as well as in view of the other authorities set forth above, Plaintiffs submit that it is almost self-evident that the IRS cannot secretly obtain information from an attorney who formerly represented a party and then, when the party makes a FOIA request to the IRS, claim that the attorney's identity and all information

provided by or to the attorney are exempt from disclosure under FOIA. Indeed,

exposing and preventing such misconduct by government agencies by forcing them to

disclose their behavior in response to FOIA requests is one of the principal reasons

behind the enactment of FOIA in the first place. *John Doe Agency v. John Doe Corp.*,

493 U.S. 146, 151-52, 110 S. Ct. 471, 475 (1989) (internal citations omitted); *see Dep't

of Air Force v. Rose*, 425 U.S. at 372; *Rugiero v. DOJ*, 257 F.3d 534, 546 (6th Cir. 2001)

(internal citations omitted); *Halpern v. FBI*, 181 F.3d at 284-285.

### 3.    Defendant Has Failed to Meet Its Burden of Proving that the Confidential Source Exemption Applies.

Plaintiffs submit that Defendant's attempt to justify its assertion of the

exemption for confidential source information under FOIA Section 552(b)(7)(D) is

otherwise inadequate in any case. In order to withhold records based on this

exemption, a government agency must provide sufficient information to demonstrate

that either an express or an implied assurance of confidentiality was provided to the

alleged source. *Dep't of Justice v. Landano*, 508 U.S. 165, 172, 113 S. Ct. 2014, 2019

(1993) (internal citations omitted); *Campbell v. Dep't of Justice*, 164 F.3d 20, 33 (D.C.

Cir. 1998); *Dipietro v. Executive Office for United States Attorneys*, 357 F. Supp. 2d

177, 185 (D.D.C. 2004) (citing *Williams v. FBI*, 69 F.3d 1155, 1159 (D.C. Cir. 1995)).

Where an agency relies on a claimed express assurance of confidentiality to justify

withholding records "it must offer 'probative evidence that the source did in fact receive

an express grant of confidentiality.'" *Dipietro v. Executive Office for United States

Attorneys*, 357 F. Supp. 2d at 185-86 (internal citations omitted).

In the instant case, Defendant relies primarily on an assertion in Gregory's

June 25, 2009 Declaration that Gregory "discussed the matter of the confidential source

- 25 -

at length with Leboff," who, according to Gregory, "assured [her] that the source was orally provided with an express promise of confidentiality" and "provided information to Leboff with that understanding." Gregory's Jun. 25, 2009 Decl. ¶ 54. Since Gregory clearly does not have personal knowledge of this circumstance, and since Defendant has neither submitted any declaration from Leboff nor explained why it is unable to do so, Plaintiffs respectfully submit that this claim must be disregarded, and Defendant held to have failed to meet its burden in claiming this exemption. *See* FRCP Rule 56(e); *Bright v. Attorney General*, 259 F. Supp. 2d 494, 500-01 (E.D. La. 2003); *see also* *Dipietro v. Executive Office for United States Attorneys*, 357 F. Supp. 2d at 185-86. Defendant's failure to include either the dates of the documents in question or the date Leboff allegedly gave this "assurance" to the source also makes it impossible to determine how much, if any, of this information had been provided before any such alleged "assurance of confidentiality" was made.[2]

Because Defendant has released the name of the alleged "confidential source" to Plaintiffs, and because Defendant otherwise has failed to sustain its claim to this exemption, Plaintiffs respectfully submit that Defendant should now be directed to turn over to Plaintiffs all of the documents over which Defendant has asserted the confidential source exemption, as well as any other responsive documents not already produced in response to Plaintiffs' FOIA Requests that contain or reflect information provided to Defendant by Aniboli, as described above.

---

[2] Defendant also claims without elaboration that, with respect to three documents, "[t]he condition of confidentiality is evident from notations in the file." Gregory's Jun. 25, 2009 Decl. ¶ 54. The "notations" referred to, at least based upon Defendant's Motion papers, consist of no more than a self-serving description of one of these documents as a "memo to confidential informant," and assertions that a "fear of reprisal box" was "checked" on two other documents. Gregory's Jun. 25, 2009 Decl. Ex. A at 3, 4, 6; *Dipietro v. Executive Office for United States Attorneys*, 357 F. Supp. 2d at 185-86.

4. **Defendant Has Failed to Demonstrate that the Documents Contain Third Party Return Information or Personal Information About Third Parties.**

Defendant withholds a number of documents, in part or in full, based on claims that these records are exempt from disclosure under either FOIA § 552(b)(3) and IRC Section 6103(a) as purported "return information of third-party taxpayers," or under FOIA § 552(b)(7)(C) as containing "the personal information of third parties." Gregory's Jun. 25, 2009 Decl. ¶¶ 17-22, 47-52. Defendant's submissions, the documents Defendant has produced in response to Plaintiffs' FOIA Requests and the circumstances themselves confirm that the purported "third parties" concerning whom the documents at issue contain information are, in most instances, either Plaintiffs themselves, Decedent, or closely-held entities in which Plaintiffs and Decedent were interested as officers and shareholders. Plaintiffs therefore are entitled to receive this information under FOIA.

By way of example, one of the documents Defendant continues to withhold in part on the basis of both exemptions is a page, Bates stamped as number 4, that lists the names of the alleged "third parties" involved. Sembler's Aug. 31, 2009 Decl. ¶ 96, Ex. V. Three of the four parties listed are (a) Plaintiffs themselves, and (b) an entity known as Adamag, in which Plaintiffs and Decedent were officers, directors and shareholders and concerning which Plaintiffs themselves provided tax return information to Defendant in the course of the examination of the Estate's Form 706. Sembler's Aug. 31, 2009 Decl. Ex. V; Adamowicz's Aug. 31, 2009 Decl. ¶¶ 5, 13. Indeed, return information pertaining to Plaintiffs was included on the Estate's Form 706 itself. Sembler's Aug. 31, 2009 Decl. ¶ 101. Among the other documents identified in Defendant's Motion papers as being withheld in full on the basis of these claims is

document no. 214, which is stated in the spreadsheet annexed to Gregory's June 25, 2009 Declaration to consist of information "for the GC trusts." Gregory's Jun. 25, 2009 Decl. Ex. A at 3. The trusts in question appear to be trusts of which Decedent herself was a Grantor and Trustee and of which Plaintiffs had served as successor Trustees. Adamowicz's Aug. 31, 2009 Decl. ¶¶ 14-15; Sembler's Aug. 31, 2009 Decl. ¶¶ 102-103.

Plaintiffs submit that it is obvious that materials such as these cannot qualify for the exemption under FOIA § 552(b)(7)(C), which, as Defendant itself acknowledges, only applies when the release of the information would reasonably be expected to constitute an unwarranted invasion of the personal privacy of the persons involved. Gregory's Jun. 25, 2009 Decl. ¶ 47; *Weiner v. FBI*, 943 F.2d at 984 (internal citations omitted). This information also does not qualify for exemption as third party return information, since section 6103 of the IRC itself authorizes release of this information to persons such as Plaintiffs. This statute contains a number of exceptions to the general prohibition of section 6103 by allowing disclosure of tax return information to persons having a material interest in that information as set forth in the statute. IRC § 6103(e). Plaintiffs, as Executors of Decedent's Estate, are entitled to receive all tax return information that Decedent would have been entitled to receive, including not only information pertaining to Decedent herself, but also pertaining to entities such as corporations in which Decedent owned more than 1% of the outstanding stock and trusts of which Decedent was a trustee. IRC § 6103 (e)(1)(D), (3), (7), (8). Similarly, Plaintiffs in their individual capacities are entitled to this information insofar as it pertains to Plaintiffs themselves or entities in which they are interested, for the same reasons as stated above. IRC § 6103 (e)(7) ("[r]eturn information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection").

The vagueness with which Defendant describes the bulk of the information at issue may be contrasted with the relatively few documents with respect to which Defendant has provided sufficient detail to meet its burden of demonstrating that these exemptions likely do apply. For example, Defendant informs us that certain of the information consists of Leboff's personal computer identification code, of the telephone number of a Service Officer that is not generally made available to the public, and of specific information of unrelated third parties. Gregory's Jun. 25, 2009 Decl. ¶¶ 15, 46, 49-50, Exs. A, B. Plaintiffs submit that these specific and detailed descriptions both provide examples of the kinds of information Defendant must offer in order to meet its burden of demonstrating that material is exempt from disclosure under FOIA as either third-party return information or personal information of third parties, and also highlight Defendant's failure to meet its burden of proof with respect to the other records at issue.

Plaintiffs respectfully submit that, except for the few items of information with respect to which Defendant appears to have demonstrated that one or the other of these exemptions likely applies, Defendant should be directed to produce to Plaintiffs all of the documents over which it has asserted these exemptions.

### D.    Defendant Should Be Directed to Produce the Documents It Claims Are "Not Responsive."

Defendant withholds two pages of documents about which it provides no description of any kind, stating in conclusory fashion that these documents are "not responsive to Plaintiffs' FOIA request" because "they were never intended as part of the examination file." Gregory's Jun. 25, 2009 Decl. ¶ 62. Plaintiffs' Second and Third FOIA Requests, however, were not limited to "the examination file," a phrase that Defendant does not define, but instead sought all documents, with limited exceptions,

- 29 -

pertaining to the examination of the Estate's Form 706. Pointedly, Defendant does not state that these two documents are not related to that examination. Plaintiffs respectfully submit that Defendant's attempt to withhold records in response to a FOIA Request based on some internal bureaucratic characterization of Defendant's own making should be disregarded, and Defendant directed to produce the documents to Plaintiffs. See Beamon's Jun. 22, 2009 Decl. ¶ 6 (claiming that Plaintiffs' Third FOIA Request sought, not "the examination file," but "the administrative file").

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' cross-motion for partial summary judgment should be granted, and, except to the limited extent discussed above, Defendant's motion for summary judgment should be denied.

Dated:      New York, New York
            August 31, 2009

                                        Respectfully submitted,

                                        The Law Office of
                                        Frederick M. Sembler, PLLC
                                        501 Madison Avenue, 8th Floor
                                        New York, NY 10022
                                        (212) 750-4483

                                        Attorneys for Plaintiffs

                                        By: s/ Frederick M. Sembler
                                        Frederick M. Sembler FS 6913

Of Counsel:
Frederick M. Sembler  FS 6913
Carol A. Crossett  CAC 2022