Case 1:08-cv-10255-LAP Document 50 Filed 02/02/11 Page 1 of 10

1 : 08-cv-10255
Trial Judge: Loretta A. Preska

10-263-cv (L); 10-265-cv (CON)
Adamowicz v. IRS

MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand ten.

PRESENT: REENA RAGGI,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB. 02. 2011

-----------------------------------------------------------------------
MICHAEL ADAMOWICZ, as Executor of the Estate of Mary Adamowicz, Deceased, ELIZABETH FRASER, as Executor of the Estate of Mary Adamowicz, Deceased,
*Plaintiffs-Appellants*,

FREDERICK M. SEMBLER,
*Non-Party-Appellant*,

v.                                                              No. 10-263-cv (L)
                                                                No. 10-265-cv (CON)

INTERNAL REVENUE SERVICE,
*Defendant-Appellee*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:   FREDERICK M. SEMBLER, The Law Office of Frederick M. Sembler, PLLC, New York, New York.

APPEARING FOR APPELLEE:     TARA M. LA MORTE, Assistant United States Attorney (Carolina A. Fornos and Neil M. Corwin, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's order entered on November 24, 2009,[1] is AFFIRMED and the appeal docketed as No. 10-265-cv is DISMISSED.

Plaintiffs Michael Adamowicz and Elizabeth Fraser, as executors of their deceased mother's estate, appeal from an award of summary judgment in favor of the Internal Revenue Service ("IRS") on their Freedom of Information Act ("FOIA") claims, see 5 U.S.C. § 552, charging inadequate responses to inquiries pertaining to the IRS's examination of a 2003 estate tax return (the "Examination"). Plaintiffs' counsel appeals from that part of the judgment subjecting him to "sanctions." We review de novo a district court's grant of summary judgment in FOIA litigation. See Wilner v. NSA, 592 F.3d 60, 69 (2d Cir. 2009); Halpern v. FBI, 181 F.3d 279, 288 (2d Cir. 1999). We assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

To secure summary judgment in a FOIA case, the defending agency must show through reasonably detailed affidavits or declarations that it conducted an adequate search and that any withheld documents fall within a FOIA exemption. See Wilner v. NSA, 592

---

[1] Although a separate judgment was not entered, see Fed. R. Civ. P. 58(a), judgment became final 150 days after the order was entered, see Fed. R. Civ. P. 58(c)(2)(B). Thus, plaintiffs' notice of appeal was timely filed as of that date, see Fed. R. App. P. 4(a)(2), and we have jurisdiction over this appeal, see 28 U.S.C. § 1291; Goldberg & Connolly v. N.Y. Cmty. Bancorp, Inc., 565 F.3d 66, 71 n.3 (2d Cir. 2009).

F.3d at 69; Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). Indeed, we accord such affidavits "a presumption of good faith," Wilner v. NSA, 592 F.3d at 69 (internal quotation marks omitted), which "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents," Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 489 (2d Cir. 1999) (internal quotation marks omitted); see also Carney v. U.S. Dep't of Justice, 19 F.3d at 813.

Here, the IRS's detailed declarations reveal both (1) a diligent search reasonably calculated to discover responsive documents, and (2) an adequate explanation why any withheld documents are exempt. See Carney v. U.S. Dep't of Justice, 19 F.3d at 812-13.

1. Adequacy of Search

In challenging the adequacy of the IRS search in response to their first FOIA request, plaintiffs complain that Alan Dichter's declaration was based on hearsay because Dichter did not actually supervise the search. This claim is belied by the declaration, which states that Dichter maintained supervisory responsibility over the first FOIA request and worked directly with IRS attorneys Glasel and Weitzman – the two individuals identified as potentially having relevant records – to compile and review responsive documents. See Carney v. U.S. Dep't of Justice, 19 F.3d at 814 ("An affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy Rule 56(e); there is no need for the agency to supply affidavits from each individual who participated in the actual search."). Insofar as plaintiffs argue that Dichter's declaration lacked sufficient detail, the law demands only a "relatively detailed and nonconclusory" affidavit or declaration,

Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d at 488-89 (internal quotation marks omitted), a standard that Dichter's declaration easily satisfies.

Plaintiffs assert that other IRS employees may have had documents responsive to the first FOIA request and that certain records may not have been produced given that (1) the IRS produced documents in the Tax Court litigation that were not located in its initial FOIA search, (2) certain records produced refer to others that were not produced, and (3) the IRS was unable to locate plaintiffs' protest appeal file. To the extent these allegations are speculative, they are insufficient to overcome the presumption of good faith accorded the IRS's declarations. See id. at 489 ("[T]he plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations." (internal quotation marks omitted)). In any event, an agency need not show that its search uncovered every extant responsive document, but only that it "was reasonably calculated to discover the requested documents." Id. Here, Dichter sought documents directly from the IRS Appeals Office, which he identified as the only location where responsive documents might be found. That this initial search failed to uncover plaintiffs' protest appeal file, or certain documents that Rachel Gregory subsequently found by re-reviewing Glasel's Tax Court litigation files, does not undercut the adequacy of the IRS's search.[2] See id. ("That some documents were

---

[2] Moreover, the 190 additional pages of documents uncovered by Gregory comprised the administrative record in the Tax Court litigation, which had been prepared and submitted jointly by the IRS and plaintiffs to the Tax Court. Thus, plaintiffs would have already possessed these documents.

not discovered until a second, more exhaustive, search was conducted does not warrant overturning the district court's ruling.").[3]

Plaintiffs' arguments concerning the second and third FOIA requests are equally unavailing. Their claim that IRS employees other than Susan Leboff played unspecified roles in the Examination and, therefore, may have had responsive materials is contradicted by Leboff's declaration. See Leboff Decl. ¶¶ 2, 4 (stating Leboff was "sole employee" assigned to conduct the Examination and had "possession of and access to all documents gathered and created" in the course thereof). Thus, a search targeting documents in Leboff's possession was "reasonably calculated to discover the requested documents." Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d at 489. Neither the IRS's admission that it was unable to locate responsive drafts of Leboff's revenue agent reports,[4] nor plaintiffs' assertion that they are in possession of documents that the IRS failed to produce, supports a different conclusion. See id. at 489-90 (requiring that search be reasonably calculated to obtain information sought, not that it achieve perfection). Accordingly, the district court correctly determined that plaintiffs failed to raise a genuine issue of material fact as to the adequacy of the IRS search.

2.  FOIA Exemptions

---

[3] Although plaintiffs continue to insist that the documents produced in response to the first FOIA request contained redactions, the time records relied upon by plaintiffs to support this assertion show no signs of redaction.

[4] In any event, Leboff's draft reports fall within the deliberative process privilege and, thus, are exempt from disclosure under FOIA Exemption 5. See infra Section 2(b).

5

        a.      Exemption 3: Documents Withheld by Statute

Plaintiffs fault the IRS for withholding tax return information of (1) Adamowicz and Fraser in their individual capacities, and (2) entities in which the estate possesses a material interest. Because these withholdings were expressly mandated by statute, they clearly fall within FOIA Exemption 3. See 5 U.S.C. § 552(b)(3); see also Wilner v. NSA, 592 F.3d at 69 (reviewing de novo agency reliance on FOIA exemptions). Pursuant to 26 U.S.C. § 6103, the Estate is not entitled to receive the return information of any third-party without appropriate authorization, which was lacking here. While § 6103 permits plaintiffs to receive return information concerning entities in which the estate possesses a material interest, plaintiffs failed to identify such entities, much less establish the estate's material interest therein. See 26 C.F.R. § 601.702(c)(4)(i)(E), (5)(iii).[5]

        b.      Exemption 5: Documents Subject to Privilege

FOIA Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5); see also Wood v. FBI, 432 F.3d 78, 83 (2d Cir. 2005); Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005). Plaintiffs challenge the district court's application of this exemption to documents

---

[5] Because we conclude that third-party tax return information was properly withheld under Exemption 3, we need not consider the IRS's alternative reliance on Exemption 7(C) to justify this withholding or plaintiffs' challenge thereto. See Wilner v. NSA, 592 F.3d at 72 ("Agencies may invoke the exemptions independently and courts may uphold agency action under one exemption without considering the applicability of the other." (internal quotation marks and brackets omitted)).

6

shielded by the attorney-client privilege, citing Glasel's and Gregory's reference to "professional" rather than "legal" advice in their declarations. In context, it is clear that the declarations referred to documents containing (1) privileged legal communications between Leboff and attorneys within the IRS and the U.S. Department of Justice, (2) communications among those attorneys, and (3) Leboff's memorialization of such privileged communications. See In re County of Erie, 473 F.3d 413, 418 (2d Cir. 2007) ("[T]he attorney-client privilege protects most confidential communications between government counsel and their clients that are made for the purpose of obtaining or providing legal assistance."). Plaintiffs' complaint that the IRS's descriptions of the privileged material are "vague[]" is also meritless as each description included the date, persons involved, and subject matter addressed, which adequately demonstrated that the documents withheld are exempt. See Wilner v. NSA, 592 F.3d at 73.

Plaintiffs also challenge invocation of the deliberative process privilege to withhold documents that they contend do not pertain to the formation of "policy," but only to the execution of existing policies.[6] We are not persuaded. The documents at issue reflect the consultative process underlying IRS decisions concerning the Examination, the FOIA requests, and related litigation, and are therefore entitled to the same protection as other important agency decisions. See, e.g., Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d at 482-83 (protecting documents related to HUD's decisions to terminate grant and to issue or void

---

[6] With respect to many of these documents, the IRS also relied on the attorney work-product doctrine, which plaintiffs do not challenge on appeal, and/or on the attorney-client privilege.

7

sanction); Hopkins v. U.S. Dep't of Hous. & Urban Dev., 929 F.2d 81, 85 (2d Cir. 1991) (protecting HUD reports collected for use in monitoring compliance and enforcing federal wage laws). The fact that the deliberative materials at issue were generated by a low-level official like Leboff and not circulated or considered by a final decisionmaker does not alter this conclusion. See Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d at 482 (holding that deliberative process privilege focuses on "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated" (internal quotation marks omitted)).[7]

      c.      Exemption 7(D): Documents Revealing a Confidential Source

FOIA Exemption 7(D) protects information compiled for law enforcement purposes where disclosure "could reasonably be expected to disclose the identity of a confidential source." 5 U.S.C. § 552(b)(7)(D); see also U.S. Dep't of Justice v. Landano, 508 U.S. 165, 171 (1993); Halpern v. FBI, 181 F.3d at 298. Plaintiffs do not dispute that information withheld pursuant to this exemption was compiled for a law enforcement purpose and provided pursuant to Leboff's express assurance of confidentiality. See Halpern v. FBI, 181 F.3d at 298-99. Instead, they argue that the IRS waived Exemption 7(D) by revealing the confidential source's identity through inconsistent redactions. Even if the IRS made such

---

[7] Plaintiffs' argument that the IRS failed to release all segregable material was not raised below, and is therefore waived. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008). In any event, Gregory's affidavit shows that to the extent any purely factual material was withheld under this privilege, it was not segregable from deliberative portions and, further, that the IRS released any deliberative material pertaining to peripheral matters. Plaintiffs offer no evidence to undermine the presumption of good faith accorded these assertions. See Wilner v. NSA, 592 F.3d at 69.

8

inadvertent disclosures, the promised confidentiality could only be waived by the source. See United Techs. Corp. v. NLRB, 777 F.2d 90, 96 (2d Cir. 1985) ("The privilege belongs to the beneficiary of the promise of confidentiality and continues until he or she waives it."); see also Ferguson v. FBI, 957 F.2d 1059, 1068 (2d Cir. 1992) ("[W]e reject the idea that subsequent disclosures of the identity of a confidential source . . . requires full disclosure of information provided by such a source."). Plaintiffs allege no such waiver and, thus, their challenge to Exemption 7(D) fails as a matter of law.[8]

3. Sanctions

Plaintiffs' counsel contends that the district court failed to provide him with the notice and opportunity to be heard required by Rule 11 of the Federal Rules of Civil Procedure and due process prior to imposing "sanctions." The district court's characterization of certain arguments as "ranging from the frivolous to the outright misleading," Adamowicz v. IRS, 672 F. Supp. 2d 454, 471 (S.D.N.Y. 2009), does not equate to a finding of professional misconduct that we have jurisdiction to review on appeal distinct from the legal issue to which the arguments were addressed, see Keach v. County of Schenectady, 593 F.3d 218, 225 (2d Cir. 2010) (holding that appellate court "has no power to reverse a judge's poor

---

[8] Plaintiffs argue for the first time on appeal that the district court should have conducted an in camera review to confirm their suspicions about the identity of the confidential source. Not only is this argument waived, see In re Nortel Networks Corp. Sec. Litig., 539 F.3d at 132, but in camera review was unnecessary given the absence of waiver from the source. See generally Wilner v. NSA, 592 F.3d at 76 ("If an agency's statements support[] exemption . . . the court should not conduct a more detailed inquiry to test the agency's judgment and expertise or to evaluate whether the court agrees with the agency's opinions." (internal quotation marks and brackets omitted)).

opinion of the skill or trustworthiness of a lawyer who has appeared before him or her"). Nor is a different conclusion warranted by the district court's directive that plaintiffs' counsel "review ABA Model Rule of Professional Conduct 3.3 and Federal Rule of Civil Procedure 11(b) before making further representations of law to this Court." Adamowicz v. IRS, 672 F. Supp. 2d at 477. This instruction, which itself is not tied to any specific finding of a violation, is not a sanction, but merely a prophylactic intended to assist counsel in avoiding future sanction.

4. Conclusion

We have considered plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment is AFFIRMED, and the appeal docketed as No. 10-265-cv is DISMISSED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court



10

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit